**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JORDAN SOBLICK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.: 1:16-cv-09909 |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jordan Soblick brings this Class Action Complaint and Demand for Jury Trial against Defendant Allscripts Healthcare Solutions, Inc. to stop its practice of sending unauthorized text messages to the cellular telephones of individuals throughout the country and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      This case centers on Defendant's "Allscripts Alerts" mobile text message campaign, through which it sends text messages containing purported "referral" opportunities to individuals' cellular telephones.

2.      While some people have presumably signed up to receive Defendant's "Allscripts Alerts" text messages, others who have received these messages have not. In fact, Defendant has sent these automated text messages to individuals who have not consented to receive them and who have no relationship whatsoever with the company.

3.     To make matters worse, Defendant refuses to allow consumers to opt out of its "Allscripts Alerts" campaign and ignores the "STOP" and "OPT OUT" directives sent in response to the unauthorized text messages.

4.     By sending the unauthorized text messages at issue, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff Soblick and the putative Class (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unauthorized and harassing text messages.

5.     In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an (i) injunction requiring Defendant to stop its unauthorized text messaging activity, and (ii) an award of actual and statutory damages to the members of the putative Class, together with costs and reasonable attorneys' fees.

**PARTIES**

6.     Plaintiff Jordan Soblick is a natural person and citizen of the State of Florida.

7.     Defendant Allscripts Healthcare Solutions, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 222 Merchandise Mart Plaza, Suite 2024, Chicago, Illinois 60654. Defendant Allscripts is registered with the Illinois Secretary of State as entity number 65921766. Defendant Allscripts conducts business throughout this District, the State of Illinois, and the United States.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the claim in this action pursuant to 28 U.S.C. § 1331 because it arises under the TCPA, which is a federal statute.

9.     This Court has personal jurisdiction over Defendant because it transacts business

2

in this District, the unlawful conduct alleged in the Complaint occurred in and emanated from this District, and Defendant maintains its principal place of business in this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

11.     Defendant Allscripts is a publicly traded healthcare company that provides physicians, hospitals, and other healthcare providers with practice management and electronic health record technology, as well as with patient engagement and care coordination solutions.

12.     In a purported attempt to promote its care coordination solutions, Defendant created its "Allscripts Alerts" mobile text message campaign, through which it sent thousands of text messages with "referral" opportunities to individuals' cellular telephones throughout the country.

13.     Though some of the text message recipients presumably signed up to receive the "Allscripts Alerts" text messages, others did not. In fact, some of these text message recipients have no business relationship with Defendant whatsoever and had never provided their consent to receive any text messages from Defendant on their cellular telephones, let alone the "Allscripts Alerts" text messages at issue.

14.     Worse still, and as described in more detail in Paragraphs 18–19 below, Defendant refuses to honor requests to opt out of the "Allscripts Alert" text message campaign at issue.

15.     Defendant sent (and continues to send) the "Allscripts Alerts" text messages using equipment that has the capacity to store or produce lists of telephone numbers and to dial such

3

numbers *en masse*, without any human intervention.

## PLAINTIFF SOBLICK'S EXPERIENCE

16.    Beginning in or around October 2012, Plaintiff Soblick began receiving "Allscripts Alerts" text messages from Defendant on his cellular telephone.

17.    Plaintiff never provided Defendant with his cellular telephone number, nor did he provide Allscripts with his consent to send text messages to his cellular telephone number.

18.    Plaintiff Soblick has repeatedly attempted to opt out of Defendant's text messaging campaign by responding with "opt out" and "stop" directives. *See*, e.g., **Figure 1**. Nonetheless, Defendant refused to honor any of Plaintiff's directives and instead continued to barrage his cellular telephone with more text messages. *See id.*



(**Figure 1**.)

19.    Unfortunately, since October 2012, Defendant has sent and continues to send Plaintiff dozens of these unauthorized text messages.

20.    Defendant sent these text messages to Plaintiff and the members of the putative

Class using equipment having the capacity to store or produce telephone numbers to be called and to dial such numbers, *en masse*, simultaneously and without human intervention. Specifically, and as shown in <u>Figure 1</u> above, Defendant sent these text messages using Internet-to-phone text messaging technology, which collects and stores wireless telephone numbers and then automatically and without human intervention transmits text messages to them.

## CLASS ACTION ALLEGATIONS

21.     **Class Definition**: Plaintiff brings this action on behalf of himself and a proposed Class, defined as follows:

> All persons in the United States who: (1) received a text message sent by or on behalf of Defendant, (2) at his or her cellular telephone number, (3) where Defendant did not have a record of the text message recipients' consent to receive such a text message at the time it was sent.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Allscripts has sent unauthorized text message advertisements to thousands of individuals who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's own records.

23.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendant systematically sent text messages to consumers without their prior express consent;

(b)     Whether Defendant's text messages were sent to consumers' cellular telephones utilizing an automatic telephone dialing system;

(c)     Whether Defendant's conduct violated the TCPA; and

(d)     Whether Plaintiff and the members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct.

24.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.     **Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

27.      Plaintiff reserves the right to revise the definition of the Class as necessary based upon information learned in discovery.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28.      Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29.      Defendant and/or its agents sent unauthorized text message calls to cellular telephone numbers belonging to Plaintiff and other members of the Class without their prior express consent.

30.      Defendant sent these unauthorized text message calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*.

31.      Defendant or its agents utilized equipment that sent the calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32.      By having these unauthorized text messages sent to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful

conduct, Plaintiff and the members of the Class suffered actual harm, including violations of statutory rights, invasions of privacy, and any monies paid or lost as a result of receiving the unauthorized text messages. Accordingly, under 47 U.S.C. 227(b)(3)(B), Plaintiff and the members of the Class are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

33.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jordan Soblick, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff Soblick as representative of the Class, and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

C.     An order declaring that Defendant's telephone dialing equipment constitutes an automatic telephone dialing system under the TCPA;

D.     An injunction requiring Defendant to cease all unauthorized text message activities and otherwise protecting the interests of the Class;

E.     An award of actual and statutory damages;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

8

Respectfully submitted,

**JORDAN SOBLICK**, individually and on behalf of all others similarly situated,

Dated: October 21, 2016

By: /s/ Benjamin H. Richman
        One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378