IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN SOBLICK, individually and on behalf of all others similarly-situated, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No.: 1:16-cv-09909 |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., a Delaware corporation, | ) ) Hon. Samuel H. Der-Yeghiayan ) ) Hon. Michael T. Mason, Magistrate |
| *Defendant*. | ) ) ) |

**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PURSUANT TO FED. R. CIV. P. 12(b) AND (f) AND MEMORANDUM IN SUPPORT**

Defendant Allscripts Healthcare Solutions, Inc. ("Allscripts"), by and through its counsel, hereby moves to dismiss and/or strike the demand by Plaintiff Jordan Soblick in his pleading for "an award of reasonable attorneys' fees and costs" pursuant to Fed. R. Civ. P. 12(b)(6) and/or (f). In support thereof, Allscripts states as follows:

1. Plaintiff Jordan Soblick ("Plaintiff" or "Soblick") brings this lawsuit against Allscripts Healthcare Solutions, Inc. ("Allscripts") alleging that Allscripts sent him text messages without his prior express consent in violation of the Telephone Consumer Protection Act (TCPA). Compl. (Dkt. 1) at ¶¶ 1-5. He further claims that he never provided his cellular telephone number to Allscripts. *Id*. ¶ 17. Plaintiff further avers that "some of these text message recipients have no business relationship with Defendant whatsoever and had never provided their consent to receive any text messages from Defendant on their cellular telephones, let alone the 'Allscripts Alerts' text messages at issue." *Id*. ¶ 13.

2. All of these allegations are entirely at odds with the facts, but the truth will out in due course.

3. At this stage of the litigation, however, the Court can dispose of claims and/or remedies that fail as a matter of law. Fed. R. Civ. P. 12(b)(6), (f)(2).

4. In his complaint, Plaintiff claims he and the proposed members of his class "are each entitled to, *inter alia*, a minimum of $500 in damages for each … violation of the TCPA." Compl. ¶ 32. Plaintiff, however, also demands "reasonable attorneys' fees and costs" *in addition to* his claim for statutory damages. *Id*. at Prayer for Relief, E. and F.

5. This claim fails. Because the TCPA is "not a fee-shifting statute," a plaintiff and his proposed class must pay their lawyers from the damages they collect for each TCPA violation. *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016). They are not entitled to recover attorneys' fees and costs in addition to damages. *Id*.; *see also Griffith v. ContextMedia, Inc.*, Case No. 16 C 2900, 2016 WL 6092634, at *2 (N. D. Ill. Oct. 19, 2016) (applying *Holtzman* and striking and dismissing plaintiff's request for attorneys' fees under the TCPA).

6. Accordingly, Allscripts respectfully requests this Court dismiss and/or strike Plaintiff's demand for "reasonable attorneys' fees and costs" from his complaint.

## I.   GOVERNING LEGAL STANDARD

7. A complaint (or claim for relief) is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a

right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Griffith*, 16 C 2900, 2016 WL 6092634, at *2.

8.  A Court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party … before responding to the pleading … . Fed. R. Civ. P. 12(f); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (where, as here, the motion to strike removes unnecessary clutter from the case, it serves to expedite, not delay),

## II. ARGUMENT

9.  The Court should dismiss or strike any claim by Plaintiff for attorneys' fees and costs in addition to an award of actual and statutory damages. In his Prayer for Relief, Soblick requests both "an award of actual and statutory damages" and "an award of reasonable attorneys' fees and costs." (Compl. ¶32; Prayer for Relief). An award of both damages and attorneys' fees, however, amounts to fee shifting. *Holtzman*, 828 F.3d at 608; *see, e.g., Warnell v. Ford Motor Co.*, 205 F. Supp. 2d 956, 959-60 (N.D. Ill. 2002). Fee shifting is an exception to the American Rule that a litigant is responsible for his or her own legal costs. *See Young v. Verizon Bell Atlantic Cash Balance Plan*, 748 F. Supp. 2d 903, 916 (N.D. Ill. 2010). A fee-shifting provision was expressly omitted from the TCPA by Congress, which was not an oversight.[1]

10. Under the American Rule for the allocation of attorneys' fees, litigants must cover their own legal costs. *Holtzman*, 828 F.3d at 608. As noted, the Telephone Consumer Protection Act is not a fee-shifting statute. *Id*. So "the members of the plaintiff class must pay their

---

[1] Congress is quite capable of including fee-shifting provisions, as such provisions exist in other consumer-protections statutes. *See, e.g.,* the Fair Credit Reporting Act (15 U.S.C. §§ 1681n(c) and 1681o(b)), the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) and the Truth in Lending Act (15 U.S.C. § 1640a(3)).

3

lawyers." *Id*. at 608-09 (holding that if Plaintiff and members of the proposed class agreed to pay their counsel one-third of their recovery, for each $500 in damages plaintiff and proposed class members recover for a given TCPA violation, counsel are entitled to about $167); *Griffith*, 16 C 2900, 2016 WL 6092634, at *2 (following *Holtzman* and dismissing TCPA plaintiff's request for attorneys' fees and costs).

11. This Court, therefore, cannot award attorneys' fees in addition to an award of actual and statutory damages, and Plaintiff's request for attorneys' fees and costs should be dismissed and/or stricken from the pleading. *Id*.

### III. CONCLUSION

12. For the foregoing reasons, Allscripts respectfully requests the Court dismiss or strike Plaintiff's demand for "reasonable attorneys' fees and costs." Allscripts requests such other, further relief the Court deems appropriate.

Dated: March 1, 2017

Respectfully submitted,

By: /s/ Livia M. Kiser

**SIDLEY AUSTIN LLP**

Livia M. Kiser
lkiser@sidley.com
One South Dearborn Street
Chicago, Illinois 60603
(t): (312) 853-7247
(f): (312) 853-7036

*Counsel for Allscripts Healthcare Solutions, Inc.*

4

## **CERTIFICATE OF SERVICE**

I, Livia M. Kiser, hereby certify that on March 1, 2017, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                                                                 */s/* Livia M. Kiser
                                                                                                  Livia M. Kiser